Roger Gifford, In Pro Per
15226 Hornbrook Rd.
Hornbrook, CA 96044
530-340-1395
gunsnhorses@yahoo.com

**FILED**

NOV 16 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

Roger Gifford,                          )
                                        )  Case No:
              Plaintiff,                )
                                        )  COMPLAINT 2:17 - CV - 2 4 2 1 TLN KJN PS
       vs.                              )
                                        )  (JURY TRIAL REQUESTED)
Peter Kampa; Robert Puckett, Sr.; Patricia )
Slote; Melissa Tulledo; Robert Winston; Julie )  ACTION AT LAW FOR CIVIL RIGHTS
Bowles; Clint Dingman; Ernest Goff; Kevin )  VIOLATIONS; VIOLATIONS OF FEDERAL
Dixon; Hornbrook Community Services      )  SAFE DRINKING WATER ACT, FAIR
District (a.k.a. "HCSD"); Hornbrook        LABOR STANDARDS ACT, and CLEAN
Community Bible Church Inc.(a.k.a.         WATER ACT; PENDENT STATE CLAIMS
"HCBC"); Steven Crittenden, Duke Martin,
James Soares, and, John Does 1-20          USC 42 §§1983, 1985, 1986, and1988; USC
              Defendants,                  18 §1513(e).

## I. Jurisdiction.

1. Jurisdiction over this action arises pursuant to Sections 1331, and 1343 of Title 28 of the United States Code; an action arising under the Constitution and laws of the United States, Amendments 1, 4, and 14 of the United States Constitution; the Clean Water Act[1] ("CWA"); the Safe Drinking Water Act[2] ("SDWA"); and, sections 1983, 1985[3], 1986, 1988, and 2000e of Title 42 the United States Code, as an action seeking redress of grievances for violations of rights and privileges secured to Plaintiff. Supplemental jurisdiction is asserted over Plaintiff's pendent state law claims for relief.

2. Plaintiff Roger Gifford is a citizen of the State of California, and resident, elector, taxpayer, and water consumer of the Hornbrook Community Services District ("HCSD" or

---

[1] At Section 505 thereof.
[2] See generally 42 USC § 300j. Plaintiff also had a statutory right to be free of retaliatory actions by the Board Defendants concerning her complaints of violations of the Act pursuant to 42 USC § 300j-9(i).
[3] That is, the various defendants specifically conspired with each other, and/or the "Board Defendants", to violate Plaintiff's Constitutional rights to vote as an elector of the local District as provided by the HCSD Bylaws and State law.

Complaint - 1

"District"), at all times material. This action is brought as provided by the HCSD Bylaws at §§A-9(1); A-9(13); A-9(26); and, 1-5.030.[4]

3. While reference is made to acts, events, and statements made at purportedly public meetings of the HCSD Board, and/or that are tangentially related to litigation, it is not Plaintiff's intention to base any state law, or common-law tort, cause of action on any expression of First Amendment rights occurring by any person at any *lawful* meeting or proceedings.

4. Events described in this Complaint occurred beginning about February 15, 2017 and continued through November 7, 2017, and Plaintiff brings actions based upon that timeframe as being "material".

5. Plaintiff timely provided written notices of the basis for all state claims to the HCSD in full compliance with all requirements of Government Code sections 905, 910, and 915.

6. This is a Federal question, civil rights, and state common law, statutory, and tort-claims action arising from unconstitutional, unlawful, and/or wrongful actions taken by each named Defendants in their official capacities, using their official positions, or acting as an agent of a public officer/official/employees who themselves acted under the color of State law.

7. Defendant HCSD is a public agency within the County of Siskiyou, created, and operating as a municipal corporation and special district[5] under laws of California[6] the United States, and its own Bylaws, and subject to their jurisdiction.

## II. "Board Defendants" Defined; Contractor and/or Employee Defendants.

8. Defendants Robert Puckett ("Puckett"), Melissa Tulledo ("Tulledo"), and Patricia Slote ("Slote") were Members of the Board of Directors ("BOD"), and/or Officers of the HCSD, and are referred to collectively herein as "the Board Defendants". The "Board Defendants" took wrongful actions in their official capacities as public officials and officers, and/or under color of law of their positions, and also failed to properly supervise, train, and/or control, the HCSD employee and contractor Defendants, all as set forth below. Julie Bowles ("Bowles"), Clint Dingman ("Dingman"), Robert Winston ("Winston"), Ernest Goff ("Goff"), Peter Kampa

---

[4] Among other sections thereof. A true copy of the HCSD Bylaws as adopted and ratified on April 18, 2014 is incorporated herein, to the extent necessary for the Court and Parties to make sense of causes of action and requested relief, and will be lodged. Plaintiff also incorporates by reference the "California Public Records Act", "Brown Act", and the "Community Services District Law" (Government Code §§6252.5, and 6252.7; 54950-54963; and, 61000-61850).
[5] Special Districts are primarily controlled by California Government Code sections 61000, *et seq.*
[6] Including the specific requirements for only conducting business via open and public meetings as prescribed by the Brown Act (pursuant to Government Code §61044; see also §61045); the Public Records Act; and, other acts and statutes as cited herein.

Complaint - 2

("Kampa") and Kevin Dixon ("Dixon") were employees, managers, contractors, officers, and/or agents of the HCSD and Board Defendants.

**III. Duty of HCSD Board Members, Contractors, and Employees.**

9. Each of the Board Defendants, and each HCSD employee and/or contractor, owed a fiduciary duty[7] to the District, and to each property owner and water customer in the District[8] to: maintain the District's finances in a solvent and efficient manner; to bill for and collect all charges and fees due to the District[9] as well as those fees and charges previously billed but unpaid; to apply for and obtain grants and other funding available for the maintenance, upgrading and repair of the Districts facilities[10]; to establish, set, and collect, rates, charges, and fees sufficient for the ongoing proper operations, maintenance, repair, and expansion of the HCSD's facilities; and, to maintain the entire water production, treatment, and distribution system in good repair and sanitary manner, all in a manner that provides for necessary upgrades and new facilities as required by law. These Defendants failed in those duties, and/or willfully acted contrary thereto. This malfeasance deprived Plaintiff of his right to honest services by his elected officials, public officers, and public employees (Title 18, Section 1346 US Code).

10. The Board Defendants, and all HCSD employees, have knowledge that the main operational facility of the District has numerous design deficiencies, fails to meet the standards of the Safe Drinking Water Act and related California laws, with multiple ongoing sanitary violations, and safety hazards that violate OSHA regulations. The HCSD Board and employees also know of a problem with "well 3", which allows the constant outflow of water containing high Boron and salt levels into Rancheria Creek (a violation of State law, and the CWA).

11. The Board Defendants and HCSD employees have refused to correct the violations.

12. The Board Defendants, the HCSD, and HCSD employees have each and all discriminated against this Plaintiff concerning access to bidding lists for public jobs and services needed and requested by the HCSD, and also discriminated against him by preventing him from

---

[7] The fiduciary duty of the Directors is enshrined in State law at Water Code sections 31007, 71614, and 71616; as well as CA Const. Art. XVI, Section 6. The HCSD Bylaws provide qualified persons may bring an action on behalf of that duty at Section A-9(26), and also provide charges may not be waived, and rates may not be reduced without voter approval, and that any Director(s) doing so are liable for the lost income to the District (Section A-9(1); 1-3.010).

[8] See HCSD Bylaws at A-9(26); Water Code sections 31007, and 71616.

[9] Including a $39 per parcel "standby fee" by the 1996 Bylaws, and ratified as Section A-9(13) in the April 18, 2014 Bylaws. The Board Defendants took wrongful action(s) to nullify, and/or failed to initiate, the collection of the standby fee as mandated.

[10] See also HCSD Bylaws at Section A-7.

Complaint - 3

participating in bidding and job applications to the HCSD on the basis of his conduct in filing legal actions, making reports to government agencies, testifying as a witness, serving legal papers, and assisting other people to do these things, all of which is protected conduct.

**IV. The Status and Agency of the Defendants.**

13. All claims are brought against Defendants their individual, and official capacities.

14. Each of the Defendants, individually, jointly, and severally, were the agents, partners, joint venturers, aiders, abettors, employers and employees, officers, directors, board members, managing agents, owners, masters and servants, ostensible agents, principals, co-conspirators and/or partners of one another. In engaging in the conduct described, Plaintiff is informed, and so reasonably believes, that each Defendant was at all times acting with the knowledge, consent, approval, encouragement, aid, agreement, and/or subsequent ratification of each of the remaining co-Defendants, and under the color of law of the position and authority of the Board Defendants and/or other HCSD employees as public officers.

15. Each of the Defendants caused and is responsible for the herein-described wrongful, unlawful, and/or tortious conduct and resulting injuries by: personally participating in the unlawful conduct or acting jointly, aiding, abetting, or conspiring with others who did so; by benefiting from the wrongful conduct; by knowingly authorizing, ratifying, encouraging, agreeing to, aiding, acquiescing in, or setting in motion, policies, plans or actions that led to the wrongful or unlawful conduct or, although lawful in and of itself, was in furtherance of other, unlawful, wrongful, and/or tortious conduct; by failing to take action to prevent the unlawful and/or wrongful conduct; by failing and refusing with deliberate indifference to Plaintiff's rights to conform their conduct to that dictated by the laws of the United States, the State of California, and/or the HCSD Bylaws; and, by failing to initiate and maintain adequate training and supervision; and, by ratifying the wrongful or unlawful conduct that occurred by themselves, as well as any agents and officers under their direction and control.

16. The acts of the Board Defendants and their agents, as described in this Complaint, were part of a systematic and ongoing pattern of events that were calculated by these Defendants to cause Plaintiff to be shunned, subject to ridicule, despised, to injure Plaintiff financially, to interfere with Plaintiff's enjoyment and use of property, and his right to bid on jobs and apply for positions with the HCSD to the same degree and extent as other persons, and to deprive him of rights to vote on those things granted to the electors of the HCSD via the Bylaws. Defendant

Winston improperly directed, aided, agreed to, encouraged, assisted, and/or abetted the Board Defendants and HCSD employees in committing that wrongful conduct as herein alleged[11], and ratified their conduct (by concealing the improper/illegal nature thereof) when such conduct was undertaken.

## FACTS AND ALLEGATIONS

### V.  Defendant Robert Puckett, Sr.

17.  HCSD Board member and President Robert Puckett is a citizen of Siskiyou County and the HCSD.  Puckett initiated the common plan, agreed to, adopted, aided, abetted, encouraged, and ratified by Brown, Bowles, Barnes, Winston, Kampa, Dingman, Goff, and Dixon, to operate the HCSD, and to create, institute, and enforce policies, customs, and practices, all in violation of Federal, State, and local laws as set forth herein[12], and to act on those policies by undercharging and waiving fees and/or charges for certain customers; failing to impose and collect the "standby fee" as to each parcel in the District as provided by law and the HCSD Bylaws; failing to comply with California Water Code, sections 31007 and 71616; and, permitting Kampa to sign off on Dingman's timesheets (containing requests for hours he did not actually work and/or for duties not authorized by the Board).  These payments to Dingman were a corrupt act, an improper gift of public funds, and waste of taxpayer funds.

18.  Puckett further conspired with Winston to *ex post facto* and unilaterally purportedly approve Winston's intervention in several Siskiyou County Superior Court matters being prosecuted by Plaintiff and other persons, as well as matters in the Third District Court of Appeals, without any BOD approval prior to Winston's appearing therein[13].  The goal of this plan was to divert public funds of the HCSD to benefit Winston, Puckett, Slote, Tulledo, Kampa, and those customers of the District getting wrongfully reduced and/or waived water fees and other charges.  Puckett, Winston, Bowles, and Slote thereafter conspired to conceal all records and documents of these acts[14].

---

[11] By telephone, emails, letters, personal meetings (outside of lawful public meetings), and by creating - without any legal authority to do so - various documents for the Board Defendants to use, purportedly in their official capacity (and to be represented as having been created by one or more of the Board Defendants themselves).

[12] This included the plan to have Winston (without lawful authority) ghost write purportedly official documents of the HCSD, along with various notices, resolutions, bylaws, declarations, contracts, and letters, all supposedly written by Puckett, Slote, and/or Kampa. The purported official documents contained false statements of fact, false findings by the Board, and false declarations of prior HCSD acts.

[13] Each appearance without BOD approval constituted a violation of Bus. & Prof. Code §6104.

[14] This included destruction of public records, and violation of the CPRA.

Complaint - 5

19. From February 15, 2017 through the current date, the Board Defendants, Dingman, Goff, Dixon, Bowles, and Winston, specifically agreed, conspired, and acted to have Dingman work on, and operate (including by the addition of chemicals to the water supply) the HCSD water production, treatment, and distribution facilities without any certification, or license to do so, all in violation of the provisions of Health and Safety Code sections 106875, and 106885, and 22 California Code of Regulations sections 63765 and 63770. The Board and HCSD employee defendants, at that time and thereafter, conspired and acted to wrongfully thwart all attempts by Plaintiff, and other members of the public, to monitor, report, and/or correct the nuisance(s) *per se* caused by such acts and actions

20. The Board Defendants, agreed and conspired with Winston to wrongfully and corruptly have the HCSD divert public funds to Winston for former Board member Michele Hanson's private legal fees in Siskiyou County Superior Court Cases #SCSCCVHA 15-204/205/206.

21. Puckett at all times material, at 15009 Oregon Rd., in Hornbrook, Siskiyou County California, maintained public, private, and per se nuisances in the forms of: an unpermitted and improperly altered septic system; derelict vehicles leaking toxic oils and fluids, allowing such oils and fluids - along with other contaminants - to drain into the ground, wash onto the public street where Plaintiff uses to reach her own property, the gutters which flow past and over nearby properties, as well as into the nearby creeks and Klamath River; maintained multiple decrepit sheds, lean-tos, outbuildings, trailers, fifth wheels and the like[15] in a manner harboring rodents and vermin; unsafely-stored pesticides, rodentcides, and fungicides, and which trailers, etc, Puckett stores, and permits people to live in, all in violation of County ordinance; maintained a fire hazard in the form of overloaded and modified residential electrical system for the residence, and by having more people living in the residence than its rated capacity; maintained large collections of debris, toxic materials, derelict items, refuse, and garbage; and, maintained the residence and grounds in such a manner that trash, petrochemicals, pesticides, rodentcides, sewer water, contaminants, and other debris, along with vermin, disburse from that property.

22. Prior to filing the instant action, Plaintiff filed a complaint with the US EPA, and Cal-EPA concerning violations of the SDWA, and the CWA by Puckett, as well as the general condition of his property.

---

[15] Some of which Puckett allows occupation of in violation of County Ordinance.

Complaint - 6

## VI.  DEFENDANT HORNBROOK COMMUNITY SERVICES DISTRICT

23.  The HCSD has inadequate facilities that violate Clean Water Act[16] and Safe Drinking Water Act[17] requirements.  Each of the Board Defendants have continued an institutional policy, custom, and practice of the HCSD by willfully failing to comply with laws and duties[18], as set forth herein.  Defendants Winston, Dingman, Goff, Dixon, and Bowles have been aware of the duties of the HCSD and Board Defendants, and have conspired, aided, and abetted the HCSD and Board Defendants in violating the laws of the United States, and State of California, relating to the Clean Water Act, Safe Drinking Water Act, the Health and Safety Code, the Water Code, the Government Code, the Labor Code, and the HCSD Bylaws.

24.  Insofar as allegations in this complaint are made against the "Board Defendants" in their official capacities, it is also Plaintiff's intention to apply those allegations to the HCSD.

## VII.  DEFENDANT JULIE BOWLES.

44.  Defendant Julie Bowles ("Bowles") was an independent contractor and officer, employee, and/or agent of the HCSD, acting under the color of law of her office as Bookkeeper[19] and/or Treasurer of the HCSD[20].  No agreement exists to indemnify Bowles pursuant to Govt. Code §995 in her contract.  Bowles was a long-time resident of Hornbrook and associate of Defendant Puckett.

25.  Bowles collaborated with, agreed to participate in, aided, abetted, and assisted the Board Defendants, Winston, Dingman, Goff, Dixon, and Kampa in the improper conduct of illegally non- and/or improperly agendized, and/or non- public meetings by improperly meeting with them individually and serially, as a group (or portions thereof) via personal contact (at her office and otherwise), by telephone and/or email, for the purpose of discussing official HCSD-related "public business", including how HCSD funds would be (improperly) diverted to Winston Bowles, and Dingman; which HCSD customers should get (wrongfully) reduced and/or waived fees and charges and how to alter the billing to affect and conceal those reductions and

---

[16] 33 USC §§1251, et seq.  The HCSD, Board Defendants, and employees/agents, knowingly permit outflow of one of its wells containing high levels of salts and boron into Rancheria Creek, thence to Cottonwood Creek, thence to the Klamath River, which is designated as "wild and scenic"..

[17] 42 USC Chapter 6A; 40 CFR 141-143.  The HCSD's water production, treatment, and distribution equipment is obsolete, and does not meet the requirements of the Act, while the HCSD permits uncertified and unlicensed Operators, contractors, and other workers on its systems in violation of law.

[18] The HCSD has failed and refused to establish rates and charges as required by Water Code §§ 31007, and 71616; failed to maintain and upgrade the wells and surface water facilities to engineered standards, all in violation of federal and state law, resulting in water shortages and safety hazards.

[19] As such, Bowles has access to, and control over, customer billing for the HCSD.

[20] The position of "Treasurer" was transferred to the Siskiyou County Auditor sometime in late 2014.

waivers; and, how to submit time sheets and "pay stubs" for Dingman that were in excess of his contracted rate of pay and hours - (and how to prevent all those documents, and the associated timesheets, from being revealed to Plaintiff, and the public).

26. Bowles agreed to, collaborated with, aided, abetted, and assisted the Board Defendants, Goff, Dingman, Kampa, and Winston, with the Board Defendants' wrongful conduct herein, and in diverting HCSD funds to friends and acquaintances by: failing to properly impose fees and water charges to certain customers[21] via billing and otherwise[22] as well as altering and falsifying the records concerning those customers' accounts (including deletion of past due amounts, penalties, certain fees, etc); and, willfully concealing and destroying those public records.

27. These acts by Bowles in the operation of the HCSD was part of the conspiracy with the Board Defendants to cause disruption and upset of the operation of the HCSD, and of Plaintiff's position and duties as a Director and Secretary, and was undertaken in part as retaliation for Plaintiff's complaints to the HCSD Board and government agencies about violations of law concerning the HCSD's operations, and Bowles' lack of competence.

28. In 2015, Bowles submitted a fraudulent and false claim for payment for services to the HCSD for September, October, and November billing and payroll work for $2,250.00, when there was no contract for such work, and when in fact she had not completed such work.

## VIII.  DEFENDANT CLINT DINGMAN.

29. At all times material, Defendant Clint Dingman ("Dingman") was an officer, employee, and agent of the HCSD, acting under color of law and of those offices.

30. Dingman, the Board Defendants, Kampa, and Bowles, conspired, agreed, and acted to wrongfully provide compensation, benefits, indemnification, and/or other pecuniary and/or non-pecuniary benefits to Dingman which were not contractually specified, and/or which were granted outside of an agendized, public meeting of the Board of the HCSD, including allowing Dingman to reside, with his dog, at the HCSD water plant, while also utilizing that facility for his personal purposes, to store belongings, etc - all without any payment by Dingman for those uses.

31. Dingman has billed for, and received payment for, hours which he did not actually

---

[21] This action would also thus be providing assistance to the Board Defendants in their common plan to ignore, and violate, the provisions of Water Code sections 31007, and 71616.
[22] Bowles would fail to charge commercially-zoned property at the commercial rate upon the instruction of the Board Defendants acting as a group, or by Puckett, and/or would modify the billing for certain commercial customers to wipe out past billings at the proper rate.

Complaint - 8

work, and/or for which he had already been paid, or for hours and rate of pay in excess of his contract terms[23], all in violation of the State False Claims Act, and are gifts of public funds[24].

32. Dingman's wrongful, illegal operation of the water production, treatment, and distribution facilities of the HCSD[25] by not having the proper Treatment Operator's Certificate from the State of California, in conspiracy with, and at the behest of the Board Defendants, and/or Goff, and Dixon, has been willfully negligent, unlawful, and a nuisance *per se*[26].

## XIII. DEFENDANTS ERNEST GOFF AND KEVIN DIXON

33. At all times material, Defendant Ernest Goff and Kevin Dixon represented themselves as independent contractors, as the Chief Systems Operator(s) for the HCSD, an agent of the HCSD and Board Defendants, and supervisors of Dingman. Goff and Dixon are citizens of California, but not of Siskiyou County, or the District.  Both of these persons acted as independent contractors to the HCSD without having any business or other license issued by the County of Siskiyou to do so, and thereby engaged in Unfair Business Practices per California Bus. & Prof. Code section 17200, et seq.

34. Goff and Dixon, by purportedly each acting as the "Chief Operator" and "Operator of Record" for the water treatment facilities of HCSD, had a duty to regularly inspect, oversee, supervise, perform, and <u>directly control</u> the daily operation of the water treatment plant and distribution system as provided by Federal and State laws[27], and the HCSD Bylaws, but failed to do so while claiming falsely and fraudulently that were exercising daily supervision over Dingman, and in daily direct control of the water production system of the HCSD. Additionally, the position of Chief Operator is classified as an employee position by the California Department of Labor, but Goff and Dixon both agreed, conspired, and acted jointly with the Board Deffendants, Kampa, and Bowles, to falsely claim "independent contractor" status so that the HCSD could avoid proper payment of various taxes, workers compensation insurance, and other charges that would normally be lawfully due as a result of their hire.

35. Goff and Dixon acted in concert with the Board Defendants, Bowles, and Dingman

---

[23] Cal. Const., Art. IV, § 17.
[24] Cal. Const., Art. XVI, § 6; Govt. Code §8314.
[25] See 22 California Code of Regulations §§63765, and 63770; <u>California Health and Safety Code</u> §§106875, and 106885.
[26] See California <u>Civil Code</u> section 3479; <u>Code of Civil Procedure</u> section 731.
[27] See Federal Clean Water Act (33 USC §§1251, et seq), and Safe Drinking Water Act (42 USC 300f, et seq); State of California laws implementing same (e.g. Health and Safety Code Sections 116270 et seq, 116375, 116385, and 116395;  California Code of Regulations Title 22, Sections 63765, and 63770).

to extract improper payments from the HCSD; to create and distribute false public documents and reports to state enforcement agencies concerning the operation of the HCSD; to operate the HCSD in a manner contrary to law and thus causing a nuisance *per se* to Plaintiff and the public; and, to wrongfully prevent inspections and oversight of the HCSD facilities.

## XIV. DEFENDANT PETER KAMPA.

35a.  At all times material, Defendant Peter Kampa was the General Manager of the HCSD.  Kampa in that capacity is bound by his contractual and statutory duty to oversee the day-to-day operations of the HCSD, to supervise its employees, to effect the policies mandated by law, the Bylaws, and as directed by the Board, and to deal with customer concerns.  However, at no time has Kampa actually done any of these things, instead simply using the phone from his residence in Southern California to make calls to the HCSD Board meetings, as well as to the individual Board members, Dingman, and Winston. Kampa does not have a valid business license to operate as an independent contractor within the County of Siskiyou, where the HCSD facilities are located, and has thus also been engaged in unfair business practices as defined in California Bus. and Prof. Code section 17200, et seq.

## XV.  DEFENDANT HORNBROOK COMMUNITY BIBLE CHURCH, INC.

36.  Defendant Hornbrook Community Bible Church, Inc. ("HCBC" or "the Church") was a corporation, doing business, and located, within Siskiyou County California, and receiving water service from the HCSD.  The HCBC operations are considered as a type of "commercial". The HCBC, via its agent Steven Crittenden, conspired with, by *ex parte* meetings and other corrupt[28] conduct with the Board Defendants, and Bowles, to obtain improper gifts of public funds, in the form of wrongfully, improperly, and illegally reduced and/or waived water rates, fees, and charges.

37.  The HCBC received its sought gift of public funds, and currently continues to do so. Plaintiff incorporates the relevant information concerning zoning, fees, and charges to the HCBC, found in the following section relating to Defendant Crittenden.

## XVI. DEFENDANT STEVEN CRITTENDEN.

38.  Defendant Steven Crittenden ("Crittenden") was a resident of Hornbrook, Siskiyou County, California and a citizen thereof, a resident of the HCSD, and maintains a rental within

---

[28] See *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

Complaint - 10

the boundaries of the HCSD[29]. Crittenden is alleged on information and belief to be an employee, agent, and/or Board member of Defendant HCBC. Crittenden engaged in improper, *ex parte* "spoke and wheel", "daisy chain" meetings, and other wrongful, corrupt, conduct with Puckett and Slote, in order to conspire with her to obtain legally impermissible gifts of public funds to the benefit of the HCBC, and himself, in the form of illegally reduced and/or waived water rates, fees, and charges, as well as public funds in the form of legal assistance by the HCSD's attorneys.

39. The HCBC Church is a large building on commercial[30] property with high water consumption, and falls under Tier 2 of the water rates listed by the HCSD in the Bylaws of April 18, 2014[31] ($225.00/mo). Additionally, there is a "parsonage" - which is a separate residence, on the property (rate set at $45.00/mo).

40. As a result of the conspiracy of Crittenden, Puckett, Slote, Bowles, and the HCBC, the Board Defendants have reduced the entire charge for the HCBC property to a single-residence residential fee per month (or less), and erased all of the past due, regular, proper rates and penalties associated with the HCBC's failure to timely pay its water bills.

41. Crittenden also corruptly conspired with, and influenced Puckett, Slote, and Bowles, to arrange for (and for official billings to reflect) wrongfully reduced, and/or waived water and other fees for his home, his rental house, for improper "refunds" of fees, and to wrongfully keep the account for his rental in the name of his tenants in violation of the HCSD Bylaws at §A-9(14), and Water Code section 71618; all in a manner to deprive Plaintiff of his right to vote thereon as an elector of the District and as provided in the Bylaws.

42. Action against Crittenden, HCBC, Bowles, Puckett, Slote, and Board Defendants, is brought also under California Code of Civil Procedure Sections 526a, 1021.5, and 1084-85.

**XVII. DEFENDANT ROBERT WINSTON.**

43. Defendant Robert Winston ("Winston") was a citizen of Siskiyou County, an attorney, and an agent of the Board Defendants, Bowles, Dingman, Goff, Kampa, and HCSD -

---

[29] Crittenden, although noticed by the HCSD to do so, failed and refused to comply with the HCSD Bylaws, as well as Government Code 61100 and Water Code 71618, by not putting the account of his rental into his own name after prior tenants left a past due bill.
[30] The Siskiyou County Code requires "Rural Neighborhood Commercial" (C-R), or "Neighborhood Commercial" (C-U) zoning for churches at Title 10, Chapt. 6, Art. 41.
[31] The sections of the Bylaws dealing with rates and charges, and a prohibition on the Board and/or its members waiving fees and charges, are parts of the Bylaws which cannot be amended without voter approval. See Bylaws, pp. 10, Section A-9(1); 28, Section 1-5.030.

Complaint - 11

who knowingly, and corruptly[32], conspire with, direct, assist, aid, abet, and failed to take affirmative action to prevent or cure, the Board Defendants' acts in violating the HCSD Bylaws, Brown Act, the Political Reform Act, Government Code section 1090, the SDWA, the CWA, the Health and Safety Code, Labor Code, Water Code, Government Code 61000 *et seq*, and in chilling, and violating Plaintiff's statutory and Constitutional rights, all as set forth above. Winston knew the goals and acts of his co-Defendants, and his own, were contrary to law, and/or tortious. Winston's acts were also contrary to the provisions of the Business and Professions Code, at Sections 6067, 6068[33], and 6104.

44. Winston and the Board Defendants agreed to, and thereafter cooperatively engaged in, , a series of non-public meetings, held by telephone, email, letter, in Winston's Yreka office, and other places outside of the District boundaries, and all otherwise in violation of the Brown Act, to improperly, wrongfully, corruptly, and unethically "indemnify" themselves[34] from various legal actions, and simultaneously grant Winston purportive authority to jointly represent the Board Defendants, and/or the HCSD itself, and to "self-assign" to cases[35]. The actions taken relating to the filing of pleadings, or any act or testimony before a tribunal in the cases do not relate to any of the State claims, or causes of action herein, but circumstance of their initiation, the planning therefore, the creation of the false allegations and public records, the various documents and acts relating thereto prior to any such acts or testimony, are.

45. On information and belief, Winston agreed to, ratified, and acted in furtherance of the conspiracy with the Board Defendants, HCSD, Bowles, Goff, Dixon, and Dingman to violate the laws, Bylaws, and Rules as aforesaid by: wrongfully instructing the Board Defendants when to hold non-, incompletely, and improperly-noticed "Board meetings"[36]; what to place on agendas (and what not to place on agendas, and/or discuss at public meetings); what actions the

---

[32] See *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)

[33] Additionally, in violation of section 6104, and in furtherance of the conspiracy with the Board Defendants, Winston appeared, purportedly on behalf of the HCSD at the instruction of Defendants Puckett and/or Kampa, but without any actual appointment by the Board, in multiple legal proceedings in the Siskiyou County Superior Court as well as actions pending before the Third District Court of Appeals of California.

[34] The Board Defendants never submitted any written request to the HCSD for indemnification, never held a noticed public hearing concerning their indemnifications, and only permitted themselves to vote on that indemnification, as well as the subsequent purported appointment(s) of Winston to HCSD-related cases, thus depriving Plaintiff of her rights to vote as a Legislator, and individually.

[35] Among other issues, this is an unlawful delegation of Legislative authority, and violates Govt. Code section 61045.

[36] And how to avoid giving adequate and timely notice of the meetings to Plaintiff and the public.

Complaint - 12

Board Defendants should actually take at meetings; by drafting proposed resolutions, proposed Bylaws, notices, letters, invoices, demands, and other documents for use at those improperly-held meetings[37] and at other times - all under color of law of the Board Defendants' offices; by failing to provide proper, complete, and timely billing statements for services allegedly rendered to the HCSD and/or certain Directors of the HCSD when asked in order to wrongfully conceal his improper billing and diversion of public funds by Puckett, Slote, and/or Bowles; by refusing direct instructions from Directors for copies of purported contracts between Winston and the HCSD and/or various Defendants, as well as billing records associated therewith; and, by arranging for, and holding, private, illegal meetings[38] with the Board Defendants, Kampa, Bowles, Goff, and/or Dingman at his Yreka office, and other places, and by telephone and email, for the purpose of: advancing the goals of the conspiracy; to wrongfully participate in improper "closed session" meeting held by the Board Defendants in violation of the provisions of the Brown Act; to wrongfully exclude the public (and Plaintiff), from what should have been publicly-noticed and agendized meetings; and to intimidate, harass, annoy, and coerce Plaintiff into abandoning his statutory and constitutional rights in his attempts to report to governmental agencies, and stand against, wrongful acts of the Board Defendants.

46. On information and belief, Defendant Winston, at all times material, agreed to, encouraged, aided, and abetted the Board Defendants, Dingman, Kampa, Goff, Dixon, and Bowles in violating Plaintiff's rights by: refusing to provide, and concealing, public records of the HCSD from Plaintiff[39] and Plaintiff's elected Representatives; drafting, and providing language (in the form of dictations, proposed resolutions, letters, email, forms, and telephone communications), to the Board Defendants for uses that were wrongful, improper, illegal, in violation of the Rules of Professional Conduct, state laws, the HCSD Bylaws, including; resolutions, agenda items, "findings", letters, proposed Bylaws, contracts, and other documents actually used by the Board Defendants to commit the wrongful acts relating to public meetings, denial of access to contracts and opportunities for bidding and job applications, and operation of the HCSD, and to further the joint goal of retaliation against Plaintiff for his complaints to the HCSD Board and State agencies concerning matters of public health, worker safety, and for

---

[37] The (thus far) known dates of these meetings are set forth in paragraph 17 of this complaint.
[38] Insofar as those involving the Board Defendants, in violation of the Brown Act, conflict of interest laws, and the HCSD Bylaws.
[39] During this same period, Plaintiff made numerous California Public Record Act requests of the HCSD and Hanson relating to the relationship of Winston to the HCSD, and to its employees and contractors, as well as payments claimed by and/or made to Winston, among other categories.

Complaint - 13

violations of the Labor Code.

47. Winston agreed with, assisted, aided, abetted, encouraged, and advised the Board Defendants, Dingman, Kampa, Goff, and Dixon in operating the HCSD water production, treatment, and distribution facilities in a manner contrary to law; wrongfully committed false personation as counsel for the HCSD[40]; and, violating the Rules of Professional Conduct, including, but not limited to, waivers of conflicts of interest, and improper conduct, as expressed in Rules 3-100 - 3-310, and improper concurrent and serial representation at Rule 3-600(E); and improperly diverting public funds from the HCSD to himself[41].

48. Winston further agreed, and conspired with Puckett, Kampa, and Slote to wrongfully *ex post facto* (that is, after Winston had already filed papers or otherwise appeared) purportedly approve Winston's intervention in Siskiyou County Court, and the Third District Court of Appeals. The goal of this plan was to corruptly divert additional public funds from the HCSD to the benefit of Winston, and Kampa.

49. Winston had an independent legal duty to Plaintiff, to the residents, property owners, and taxpayers of the District, and to the HCSD, to at all times conform his conduct to the Constitution and laws of the United States and the State of California, as well as the Rules of Professional Conduct, the Brown Act[42], and the HCSD Bylaws, yet he failed to do so.

## XVIII.  DEFENDANT DUKE MARTIN

50. At all times material, Defendant Duke Martin  was a resident of Siskiyou County, a water customer of the HCSD (and subject to its Bylaws), and owned and operated a business, Crossroads Mini Storage, on his personally-owned and commercially-zoned property within the boundaries of the HCSD (upon which, in addition to the business, sits a rental house, and an occupied fifth-wheel travel trailer), as well as an adjoining residential property containing a rental house which also receives water service from the HCSD via a separate service connection, and sits within its boundaries.

---

[40] By "false personation as counsel...", Plaintiff is referring to the fact that Winston has acted towards Plaintiff, or with third parties, at times purportedly on behalf of the HCSD, or one or more of its Directors, employees or agents (and outside of any formal court or administrative processes), without lawful authorization to do so. While it is true that Winston has also engaged in some, supposedly authorized, court process on behalf of the HCSD and/or the Board Defendants, any actions actually taken in furtherance of litigation are not intended to be the basis for any State causes of action herein.

[41] The State Bar's guidelines also provide that fees received by an attorney while that attorney is violating the Rules are inherently excessive, and unconscionable, and thus improper/illegal themselves.

[42] Insofar as he advised the Board Defendants concerning meetings, the adoption of resolutions and/or contracts relating to himself and his law firm, provided "official" documents to use, etc.

51. At all times material, Defendant Martin received water services from the HCSD to his commercial property, the rental house thereon, the fifth wheel, and the adjoining property containing another rental unit. Martin has wrongfully refused to pay the commercial property charges ($225.00 per month) assessed against him by the HCSD pursuant to the Bylaws.

52. Defendant Martin wrongfully and *ex parte* corruptly influenced, and conspired with, Defendant HCSD, Julie Bowles, Dingman, and the Board Defendants to have his water fees reduced from the commercial rate to the residential rate (or even less), to waive the fees required under the bylaws for the second-residence fifth-wheel on his property, to avoid the requirement of annual inspections/certifications of his cross-check device[43], and to have all of his past due fees and charges, as well as those attributed to the renter on the second parcel, which he lawfully owed to the HCSD (totaling some thousands of dollars) erased - all outside of any public meeting of the HCSD Board, or any due process of law, or even any notification to the public that such acts were being considered. This being a successful attempt by Martin, Bowles, HCSD, Dingman, and the Board Defendants to willfully interfere with and impede Plaintiff's right to vote concerning issues of fees, waivers, reclassifications, and other related items as provided in the HCSD Bylaws. By so doing, in relation to those sections of the Bylaws relating to voter approval of fee waivers, reclassifications of customers, rate reductions, etc, Martin's intent, in conjunction, cooperation, and agreement with the Board Defendants, Bowles, and Dingman, was also to deprive Plaintiff, and the other electors within the District, of the right to vote on the fee waivers and charges as provided in the HCSD Bylaws - thus violating 42 USC §1985.

53. The Board Defendants and Bowles thereafter, as part of the conspiracy with Martin and in furtherance of the wrongful common goal that Martin should not pay the commercial rate, his duly assessed, billed, and pending, charges, late fees, and other amounts as dictated by the Bylaws as to each and all of his properties lying within the District, and thus deprive the HCSD of its due funds, willfully acted to conceal from the Public, all of their actions taken in regards to Martin's fees and charges, by wrongfully destroying public records of their acts and Martin's former billing - all in violation of the California Public Records Act, and Plaintiff's statutory and Constitutional rights.

54. The conspiracy regarding the gifting of public funds, and the denial and infringement

---

[43] A cross-check device is required by state law to be installed on water lines to parcels that have a well, or other water source. It prevents inadvertent contamination of the District's supply system. There is a fee for annual inspection and certification of the device (which is also required by law).

Complaint - 15

of Plaintiff's rights, between Defendant Duke Martin, Bowles, Dingman, and the Board Defendants, constituted a corrupt conspiracy with public officials and a public entity (the HCSD) such that Martin, by relying upon the authority and office of the Board Defendants and Bowles to commit these wrongs, took on the mantle of a "state agent" for the purposes of making out claims against him under Title 42, Sections 1983 and 1985 of the Untied States Code, in addition to any other statutory and/or tort claims Plaintiff may have.

**XIX  DEFENDANT JAMES SOARES**

55.  At all times material Defendant James Soares ("Soares") was an individual residing in the community of Hornbrook, Siskiyou County, California and a citizen thereof, was (and is) also a resident of the HCSD, and maintains at least one rental within the boundaries of the HCSD[44].

56.  As a result of an agreement to disregard the HCSD Bylaws and applicable State law, Soares, in conspiracy with the HCSD, Bowles, and the Board Defendants, has continually received an improper gift of public funds from the HCSD, Board Defendants, Dingman and Bowles since February of 2017, and every month thereafter, by their reducing the fees and charges for Soares' properties to less than the HCSD Bylaws-mandated residential fee per month; by failing to regularly and properly read water meters controlled by Soares; by wrongfully, and without due process of law, waiving the fee for the second dwelling at his residence (a trailer); and, by waiving the requirement that Soares have his cross-check device inspected and certified annually as required by state law and the HCSD Bylaws.

57.  Soares corruptly conspired with, and corruptly influenced the Board Defendants, the HCSD, Dingman, and Bowles, outside of agendized, public, and lawfully-held meetings of the HCSD Board, to arrange for (and for the official billings of the HCSD to reflect) the wrongfully reduced, and/or waived water and other fees due the HCSD for his personal residence within the District, and for his rental house; for improper "refunds" of fees; and, to wrongfully keep the account for his rental house in the name of his tenants in violation of the HCSD Bylaws at Section A-9(14), and Water Code section 71618,.

58.  Action by this Plaintiff against Soares, the HCSD, Bowles, and the Board Defendants

---

[44] Soares has failed and refused to comply with the HCSD Bylaws, as well as Government Code 61100 and Water Code 71618, by not putting the water service for his rental into his own name after prior tenants left without paying their past due bill. Plaintiff has standing to obtain an injunction, and civil action for Soares to pay any fees lost by the HCSD, as to Soares' failure to obey the HCSD Bylaws pursuant to Section A-9(26) thereof.

Complaint - 16

concerning the corruption of official power resulting in the gift of public funds is appropriate under California Code of Civil Procedure Sections 526a, 1021.5, and 1084-85, in addition to other theories of judicial relief, and/or liability to Plaintiff individually. The conspiracy between Bowles, the Board Defendants, Soares, and the HCSD to gift public funds to Soares, to waste public funds as outlined above, and to violate State and local laws, also acted to violate Plaintiff's rights to: due process of law; the equal protection of the laws; right to free speech and to full access and opportunity for participation in HCSD governance and Board meetings as provided by law[45]; to be informed about, and to have his elected officials all fully consider and decide issues in a public forum as required by law, and to follow the laws in exercising their duties; to have such meetings in a public manner that is not corrupt, not unlawful, not held *ex parte*, and/or improperly influenced; adhesion by his elected officials and/or their agents to the laws prohibiting the unlawful gifting of public funds and resources; and, Plaintiff's right to petition (by failing to notify, and actively concealing the plans and conduct above from the Public, and Plaintiff, so that he might challenge those decisions in court and/or as provided by law); suppressing due and proper notice of the meeting and planned action; and, other acts which will be detailed upon further discovery.

59. The entering into of the conspiracy between Soares, Bowles, the HCSD, and the Board Defendants as set forth herein, and the affirmative acts in furtherance thereof - particularly those in violation of the HCSD Bylaws and State law - regarding the gifting of public funds, misuse and corruption of official power, and the resulting denial and infringement of Plaintiff's rights, constituted a corrupt conspiracy with public officials and a public entity (the HCSD) such that Soares took on the mantle of a state agent for the purposes of making out claims against them under Title 42, Sections 1983, and 1985[46] of the Untied States Code.

## XX.  DEFENDANT REMAINING JOHN DOES

60. At all times material, remaining defendant John Does 1-20 were board members, policy makers and/or executors, recipients of water services by the HCSD, employees, independent contractors, instructors, rule enforcers, assistants, confidants, and otherwise actors and/or agents of the HCSD, or aiders and abettors of the conduct of the named natural person

---

[45] This includes the rightful participation of the Public and Plaintiff, who were deliberately excluded by the Board Defendants, Soares, and Bowles from any discussion and/or decision concerning the gift of funds to the HCBC, and the opportunity to vote thereon as provided in the Bylaws.

[46] Insofar as the acts of Soares, HCSD, Bowles, and Board Defendants were willfully undertaken to circumvent the right of Plaintiff, and the other electors of the District to vote on such matters as specifically provided in the HCSD Bylaws.

defendants, the Board Defendants, and/or of each other. The true names and capacities of these John Doe defendants is uncertain to Plaintiff at this time, but will be substituted by amendment..

## XXI. SPECIFIC COMPLAINTS OF DANGEROUS CONDITIONS, VIOLATIONS OF LAW, AND OTHER WRONGDOING MADE BY PLAINTIFF

61. Plaintiff, in setting forth herein the wrongful conduct of these Defendants, specifically alleges that in so doing, the Board Defendants, Winston, and Dingman also agreed to, conspired to, aided, encouraged, and abetted each other to, and acted to, intimidate and retaliate against Plaintiff, in his right to bid on public works of the HCSD, and to apply for positions of employment therewith, on the basis of the protected conduct of Plaintiff in making out the following complaints to:

**A)** The HCSD Board, and the Board Defendants (as to each subject, on multiple occasions, and ongoingly), concerning: their violations of the Brown Act and HCSD Bylaws by having private meetings as a quorum (in person, via telephone, and/or email), for the purpose of discussing public business; specific deficiencies in purported agenda item descriptions and content of agendas for public meetings; and, the failure to properly and timely notice the public of meetings and all actions to be taken (and to provide full and complete "agenda packets") of meetings called by the Board Defendants;

**B)** The California State Department of Health concerning the lack of compliance by the HCSD and the Board Defendants with the Safe Drinking Water Act; the unsafe conditions at the HCSD water treatment facility including excessive buildup of chlorine gas, lack of ventilation, lack of proper (and required by law) record keeping, and unsafe storage of toxic chemicals; the failure by Defendant Clint Dingman, while operating the HCSD wells, water treatment plant, and distribution system, to complete education, training, and certification by the State as required by his contract and the Health and Safety Code; and, the failure by the HCSD and the Board Defendants to properly maintain the water production, treatment, and distribution facilities;

**C)** The California Department of Industrial Relations (Labor Commissioner) concerning the failure by the HCSD, and Board Defendants, for violation of the Uniform Construction Costs Accounting Act, and for failing to properly permit open applications for employment, and instead to make individual phone calls to solicit a non-local person to fraudulently claim to be an independent contractor for an "employee"-type position;

**D)** The California Department of Industrial Relations ("Cal-OSHA") concerning the unsafe working conditions at the HCSD water treatment plant, the failure and refusal by the Board Defendants to address them, and the unsafe conditions of allowing Dingman to reside at

the water plant;

**E)** The California Dept. of Fair Employment and Housing ("DFEH") concerning denial of a workplace free of discrimination and/or retaliation; actual discrimination and retaliation[47] practiced in employment by the HCSD and Board Defendants;

**F)** United States Occupational Safety and Health Administration ("OSHA") concerning violations of worker safety at the HCSD facilities, and retaliation by the Board Defendants.

**G)** The Siskiyou County Superior Court, as to the conduct of the Board Defendants, Winston, Dingman, Bowles, and Goff regarding violations of law.

**H)** The California Fair Political Practices Commission concerning violations of the Brown Act, Political Reform Act, Government Code section 1090, and conspiracy to violate those, and other ethics-related laws by the Board Defendants, Winston, and Bowles;

**I)** The California State Bar concerning the Board Defendants' and Winston's conspiracy to violate the Rules of Professional Conduct, including Rule 3-600(E), and Business and Professions Code section 6104[48];

**J)** The US EPA, and Cal-EPA concerning the failures by the HCSD (and Puckett as a private citizen) to comply with the Clean Water Act, and Safe Drinking Water Act.

62. Once the Board Defendants learned of these complaints, they (with the assistance of Winston), acted in violation of Title 18 USC §1513(e), and public policy by instituting a program to intimidate, coerce, and retaliate against Plaintiff for making them. Such retaliation violates the Bane Act; the public policy of the United States and State of California, Plaintiff's right to speak and write freely, and to petition for redress of grievances - without retaliation for so doing.

### *****FIRST CLAIM FOR RELIEF (Federal Counts)*****

63. In making out each of the following "Counts" in this First Claim for Relief against one or more Defendants, Plaintiff incorporates the forgoing factual allegations as to each named defendant (only).

64. The Board Defendants particularly, and all other Defendants, had a duty to perform certain acts under the laws as aforesaid in the sections pertaining to each of them (and generally),

---

[47] At one point, the Board Defendants each made comments to the effect that Plaintiff was unsuited to be a Director of the HCSD due to that Plaintiff wanted everyone in the HCSD to follow all the rules and laws and that the Board Defendants didn't want to follow laws they disagreed with.
[48] Winston appeared, without any authorization by the Board of Directors of the HCSD, but in conspiracy with Defendant Hanson, in multiple Siskiyou County Court cases; #SCCVPT 15-0847, #SCCVPT 15-0982, #SCCVPT 15-1392 , #SCCVPT 15-1393 - as well as some in the Third District Court of Appeals.

Complaint - 19

and breached those duties while engaging in the conduct set forth herein. If Plaintiff states a claim or cause of action only permitting injunctive or other relief, but has asserted any claim for damages, Plaintiff reserves his right to non-monetary relief as provided by law. Plaintiff has been physically, emotionally, economically, and specially harmed by the acts of Defendants.

### I. VIOLATIONS OF RIGHT TO FREEDOM OF SPEECH AND PETITION

65. Plaintiff alleges that the Board Defendants (thus the HCSD), Winston, and Dingman, in acting as set forth above in manners adverse to Plaintiff, did so willfully, with intent to interfere with, impede, coerce Plaintiff into abandoning, and in retaliation for, his exercise of statutory and constitutional rights to speak freely, petition the government, and courts, for redress of grievances; and that in so doing, they violated Plaintiff's First Amendment rights to speak freely, petition for redress of grievances, and to be free of retaliation. Plaintiff asserts that each discreet illegal meeting held by the Board Defendants and/or any of their agents as aforesaid was itself a violation of his rights to attend public meetings of the Board of the HCSD, and to speak freely; to freely associate with the constituents of the District at purported meetings of the BOD; to petition and be heard by the properly-convened HCSD Board, and to vote on HCSD business as an elector on certain subjects as provided in the Bylaws.

### Count -II. DEPRIVATION OF RIGHT TO VOTE AS A CITIZEN:
### HCSD and Board Defendants (42 USC 1985)

66. Plaintiff alleges that the Board Defendants (thus the HCSD), affirmatively acted to thwart Plaintiff's rights to vote by: failing to abide by the requirements of the HCSD Bylaws relating to Plaintiff's rights as a citizen of the HCSD to vote on various matters as provided by the HCSD Bylaws by forming an agreement, and acting, to wrongfully alter, erase, and/or evade the voting requirements thereof. Defendant Winston knew of, ratified, aided, abetted, ratified, and agreed with those acts, providing assistance in the form of motions, resolutions, emails, and other documents to the Board Defendants for use at wrongfully conducted meetings, to create false public records and other documents, and otherwise.

### Count III. Violation of Clean Water Act, Safe Drinking Water Act.

67. The permitting of the HCSD's "well #3", containing high levels of toxic Boron and salts, to flow artesian and unchecked into the waterways feeding the Klamath River by Goff, Dixon, Kampa, the HCSD, and the Board Defendants, without a permit to do so issued by the Environmental Protection Agency ("EPA") violates the Clean Water Act.

The allowance by those same defendants of Clint Dingman's residence in the water plant, along with his dog, and allowance of Dingman to operate the treatment system of the water plant

*including by the addition of chemicals to the water) without any Treatment Operator certificate issued by the State of California, violated and violates the Safe Drinking Water Act. The failure by these same defendants to properly maintain the HCSD's water production and distribution system in a sanitary manner, such that infiltration by rodents, insects, and other contaminant vectors are properly excluded, violates the Safe Drinking Water Act.

## Count IV: DEPRIVATION OF RIGHTS TO DUE PROCESS; EQUAL PROTECTION

68. Plaintiff alleges that the Board Defendants (thus the HCSD), and Kampa failed to act on, or respond in any way to Plaintiff's multiple requests to them for statutorily-mandated equal access to the books, papers, and records of the HCSD relating to its ongoing operations, its duties and obligations under the Uniform Construction Costs Accounting Act, bidding process, lists of available bidders and parties interested in public works (and/or bidding thereon), and applications for employment, while allowing other persons full access to those documents and procedures - all without any notice or hearing to Plaintiff, depriving Plaintiff of his right to due process and equal treatment under the laws, and policies of the HCSD.

## Count – V: DEPRIVATIONS OF RIGHTS TO THE EQUAL PROTECTION OF THE LAWS, TO DUE PROCESS OF LAW.

69. The Board Defendants, Winston, Dixon and Goff[49], Kampa, and Dingman, did improperly and illegally conspire to, and actually did, wrongfully violate, and refuse to follow, the mandate of: the Federal Safe Drinking Water Act and Clean Water Act; and, State laws and administrative rules implementing those Federal laws and relating to drinking water facilities and operation thereof (including, but not limited to, the Health and Safety Code); and, the HCSD Bylaws[50], with the assistance, affirmation, and ratification of Defendants Bowles, and Dingman by allowing Dingman to operate the water treatment and distribution facilities of the HCSD without State-required certifications, and instructing Dingman to illegally and improperly[51] operate the water treatment facilities, and to exclude Plaintiff and the public from accessing the facilities at any time during normal business hours, and/or the records kept therein.

70. All of these acts by the Board Defendants, Dixon, Goff, Winston, Bowles, and Dingman, also thus deprived Plaintiff of the protections, rights and privileges afforded under

---

[49] As the independently-contracted Chief Systems Operator of the HCSD, Goff and Dixon each had duties to Plaintiff, and the public, via State and Federal drinking water laws that were, and are, independent and additional to duties as a HCSD employee, which were violated as set forth herein.
[50] E.g. Sections A-3(7-8).
[51] See California Code of Regulations Title 22, Sections 63770(b)(5), 63770(c)(1)-(2), 63770(d)(1)-(2).

Complaint - 21

federal and State laws, and the HCSD Bylaws, without notice, opportunity to be heard, or other due legal process.

## Count – VI: DEPRIVATIONS OF RIGHTS TO EQUAL PROTECTION OF THE LAWS, TO DUE PROCESS OF LAW; AND RIGHT TO VOTE

71. The Board Defendants, Bowles, Kampa, and Dingman, by improperly and wrongfully failing to read meters, waiving various fees and charges, altering rates and fees of the HCSD to benefit their friends without voter approval[52], permitting operation of HCSD facilities by Dingman as an uncertified operator and in an unsanitary and unhealthful manner, by failing to charge each commercial, governmental, and/or residential customer proper rates, fees, and/or charges, while also not complying with Water Code sections 31007 and 71616, all in contradiction of the Bylaws and State laws, also deprived Plaintiff of the equal protection of the laws, and Plaintiff's right to the due process of law insofar as he, as a elector of the District, was denied the right and opportunity to be served safe water from a sanitary and properly-maintained facility as are similarly-situated water consumers in California, while also being denied the right to vote on fee reductions and waivers as granted in the HCSD Bylaws.

## Count – VII: DEPRIVATIONS OF RIGHT TO DUE PROCESS, AND EQUAL PROTECTION OF THE LAWS .

72. Defendants HCBC and Crittenden, improperly conspired with, influenced, and engaged in corrupt activity with the HCSD and Board Defendants[53] and Bowles, in order to utilize their authority under color of State law, to receive gifts of public funds, in the form of reduced water charges and wrongfully waived fees[54] that would be otherwise due, and that this activity was deliberately concealed from the public, without any notice and due process afforded Plaintiff concerning it, and the right to vote thereon as granted in the Bylaws.

## Count -VIII: DEPRIVATIONS OF RIGHT TO DUE PROCESS, AND EQUAL PROTECTION OF THE LAWS - Gifts of Public Funds to Clint Dingman

73. Defendant Dingman, outside of any public meetings, conspired with, influenced, and engaged in corrupt activity with the Board Defendants, Kampa, and Bowles, in order to wrongfully utilize their authority, to receive gifts of public funds in the form of free electricity

---

[52] As required by the HCSD Bylaws at Section A-9(1), among others.
[53] The Church and Crittenden communicated privately with the Board Defendants in order to obtain the gift of public funds, and they thereafter met serially and/or in "daisy chain" fashion (in violation of the Brown Act) to plan to give the reductions and waivers.
[54] These acts are additionally a violation of the HCSD Bylaws.

Complaint - 22

and use of HCSD public facilities for his personal use. Dingman also, with the aid, assistance, ratification, and agreement of the HCSD, Board Defendants, Kampa, and Bowles, fraudulently billed the District for services and activities which he was not entitled to, and/or he did not perform, and failed to abide by the HCSD Bylaws. This activity was further deliberately concealed from the public in violation of the Brown Act, the California Public records Act, and the HCSD Bylaws, and thus neither the Plaintiff nor the public had any opportunity to utilize the due processes of law via state statutes, or as provided in the HCSD Bylaws.

74. By so doing, these Defendants acted in violation of Plaintiff's due process rights to attend their meetings and protest or take legal action concerning the illegal gifting public funds; and, to thereby deliberately deprive Plaintiff of his right to due process, free speech, and petitioning rights to protest and act against corrupt and unlawful activity; his rights to the equal protection of the laws prohibiting such conduct; and, his right to due process in regards to execution of these acts as provided by statute and the HCSD Bylaws.

### Count IX - Violation of Clean Water Act by Robert Puckett, Sr.

75. The acts of Defendant Robert Puckett, Sr. as described in paragraph 21, permitted toxic chemicals, poisons, petrochemicals, sewage, trash, plastic, contaminated water, and other pollutants to enter the public roadways, drainage ditches, streams, and creeks in Hornbrook, CA and thus into the Klamath River, without any permit to do so by the EPA.

### Count X - Violation of Safe Drinking Water Act by Robert Puckett, Sr.

76. The acts of Defendant Robert Puckett, Sr. as described in paragraph 21, permitted toxic chemicals, petrochemicals, sewage, trash, plastic, contaminated water, and other pollutants to enter the groundwater table, streams and creeks in the community of Hornbrook, and thus into the Klamath River without any permit to do so by the EPA.

### Count XI: Violation of Federal Insecticide, Fungicide and Rodentcide Act

77. The acts of Defendant Robert Puckett, Sr. as described in paragraph 21, permitted toxic insecticides, rodentcides, and/or fungicides, contaminated water, and other pollutants to enter the groundwater table, roadways, drainage ditches, streams and creeks in Hornbrook, and thus into the Klamath River, without any permit to do so by the EPA.

### Count XII: Retaliation by HCSD and Board Defendants; 18 USC, section 1513(e)

78. Plaintiff's complaints, and assistance to others in making complaints, to the Board, and to State and Federal enforcement agencies of violations of the SDWA, the CWA, discrimination and retaliation in potential employment and contracting, by the HCSD, Kampa,

and the Board Defendants, entitle her to protection from retaliation in any manner from them, including employment as Director, and/or Secretary of the HCSD, per 18 USC §1513(e).

79. The HCSD, by and with the Board Defendants, undertook these wrongful acts to retaliate against Plaintiff for his constitutionally protected conduct in making reports and complaints about them.

**Count-XIII:Violation of 42 USC§1985: HCSD,Board Defendants, Bowles, Winston, Dingman.**

80. In agreeing to, and performing, the wrongful acts involving improper billing, failing to impose and collects fees, and related conduct as complained of herein, by acting to deny Plaintiff proper, timely, notice or opportunity to be heard concerning (and to vote on) HCSD meetings and business as provided in the Bylaws, each of the Board Defendants, and thus the HCSD, with the aid, ratification, and agreement of Defendants Dingman, Kampa, Bowles, Goff, Dixon, and Winston[55], acted in a manner calculated to: thwart, interfere with, intimidate, coerce, and prevent Plaintiff from voting in his capacity as an elector of the HCSD; and did so due to his reports to the HCSD Board, OSHA, agencies of the United States and State of California; his declarations to the Superior Court; and, serving of legal papers for other persons. These Defendants took the actions they did, while violating voter-control provisions of the Bylaws, to prevent Plaintiff and other electors of the District from voting on those actions. The actions against Plaintiff were a united effort with the ultimate goals being to: interfere with; intimidate into abandoning; impede; and, attempt to prevent Plaintiff from exercising, his rights, including voting on matters relating to their acts, violating 42 USC §1985.

**Count XIV: DEPRIVATIONS OF RIGHT TO DUE PROCESS, EQUAL PROTECTION, AND RETALIATION FOR EXERCISE OF RIGHTS**

81. Plaintiff alleges that the actions of the Board Defendants and Kampa, in refusing to comply with the provisions of the Uniform Construction Costs Accounting Act by providing him the information concerning, and placement on, the HCSD's contractor bidding, hiring, and notification list, and allowing him access to related processes was a violation of his right to due process of law when interacting with a public agency, and that these same defendants treated him differently that they did other contractors, potential bidders, and employment applicants, and that they did so because of his use of the courts, serving legal papers on them, and his filing of

---

[55] Winston provided the Board Defendants forms, documents, resolutions, motions, letters, declarations, and other things to use in furtherance of the wrongful conduct.

Complaint - 24

complaints concerning the HCSD with various enforcement agencies of the State and Federal Government.

### ***SECOND CLAIM FOR RELIEF - PENDENT STATE CLAIMS***

82. The term "these Defendants" as used in any particular Count, shall mean only the Defendants which are *specifically* named therein, and is not intended to apply to all "Defendants" generally. When Plaintiff intends something to apply to all the Defendants, he will state "all the Defendants".

83. The Board Defendants particularly, and all other Defendants, each had a duty to perform certain acts under the laws as aforesaid in the foregoing sections, and breached those duties while engaging in the wrongful conduct set forth in this Complaint. If Plaintiff states a claim or cause of action that only permits injunctive or other relief, but inadvertently asserted a claim for damages, Plaintiff reserves his right to non-monetary relief as otherwise provided by law, and Government Code section 814. Plaintiff has been physically, emotionally, economically, and specially harmed by the acts of Defendants.

### Count – I, Violations of HCSD Bylaws

84. Plaintiff, per Section A-9(26) of the HCSD Bylaws, alleges that the Board Defendants, Bowles, Dingman, Kampa, Dixon, Goff, and Winston, in engaging in the conduct alleged herein, did also thus wrongfully, improperly, and illegally, conspire to, and actually did, violate or refuse to follow the mandate of, multiple provisions of the HCSD Bylaws by: denying access to HCSD facilities, records, and duties granted Plaintiff as Director and/or Secretary of the HCSD; improperly waiving all sorts of fees and charges for certain customers; failing to shut off service to overdue accounts; failing to properly levy the rates set for businesses, commercially-zoned properties, and multiple dwelling customers without voter approval; making improper and wrongful Bylaws changes in ways prohibited thereby; and, failing to require landlords to put water service for rentals into their name. These Defendants thus failed to provide, impose, and collect rates and charges sufficient to fund the operations, upkeep, and repairs to the District infrastructure and facilities mandated by the Water Code at §§ 31007, 61100, 71616, and wrongfully interfered with Plaintiff's duties relating thereto as set forth in the Bylaws.

85. The Board Defendants, Bowles, Dingman, Goff, Dixon, and Winston, failed to comply with the HCSD Bylaws, at Sections A-1(4); A-1(6); A-1(7); A-1(10); A-2(3); A-2(10); A-2(11); A-3.3; A-3(7-8); A-4(3); A-5-1; A-7; A-9(1); A-9(3); A-9(13); A-9(14); "MEETINGS" at p.15, #1;1-2.020; 1-2.090; 1-2.100; 1-3.010; 1-4.010; 1-4.040, and, 1-5.030.

## Count II Willful Negligence; Negligence

86. In doing each of the wrongful acts complained of herein, each and all, and any, of the Defendants thereby also acted negligently, recklessly, wantonly, and/or willfully, and in disregard for any harm that may have befallen Plaintiff and/or the public as a result. (See California Civil Code, section 1714.)

## Count III - Nuisance, and Nuisance Per Se by Robert Puckett, Sr.

87. The acts of Defendant Robert Puckett, Sr. as described in paragraphs 39-40, were a nuisance, and nuisance per se to Plaintiff, Federal and State waterways, to the Public, and were willfully and recklessly undertaken by him with indifference to the laws, threat to the environment, the public, and to Plaintiff, which would result therefrom. As a result of these actions and acts of the Defendant, Plaintiff has suffered impairment and degradation of the value of her property, the use and enjoyment of her property, and humiliation, upset, worry, and ongoing severe psychological pain and distress;

## Count IV - Violations of Government Code Section 1090- Self Dealing

88. The Board Defendants, Winston; Bowles; Dingman; Goff; Dingman; and Dixon., in planning, and acting at meetings held in violation of the HCSD Bylaws, and/or Brown Act, so the Board Defendants could make improper changes to service contracts; enter wrongful, procedurally illegal contracts with each other outside of public process, and without notice or lawful procures; to draft and vote on contracts generated by Winston without any outside consultation, bidding, etc, and so voted, and/or acted while having a conflict of interest in the contract(s) and related matters, acting in violation of the provisions of Government Code §§1090 (and Rules of Professional Conduct at 3-600(E), and Business and Professions Code sections 6104, 17200, etc) on each such occasion.

## Count V - Retaliation in Employment by Board Defendants, Kampa, HCSD

89. By denying Plaintiff any notice or opportunity to be heard concerning allegations, charges, and/or complaints regarding Plaintiff's requests to be considered for jobs per the Uniform Construction Costs Accounting Act, and for positions of employment[56]after Plaintiff had engaged in protected conduct by filing complaints, legal actions, and testifying as a witness, and acting to deny Plaintiff equal treatment under the laws, and the policies of the HCSD regarding contracting and/or employment, the Board Defendants, Kampa, and HCSD acted to

---

[56] Including a Skelly notice and hearing (*Skelly v. State Personnel Board* (1975) 15 Cal.3d 194) about Plaintiff's position as Director and/or Secretary of the Board. See also Government Code 19574.

wrongfully oppress, punish, intimidate and retaliate against, and to prohibit Plaintiff from participating in contracting and employment with the HCSD without proper cause, and absent due process. Plaintiff's conduct, and assistance to others, in making reports to: the Board, of safety, CWA, and SDWA (and State law) violations; actions in Superior Court; and, reports to enforcement agencies of California about violations of Federal and State laws, and Bylaws, by the Board Defendants and other HCSD employees is protected conduct. By retaliating against Plaintiff concerning contracting and/or employment with the HCSD, the Board Defendants, Kampa, and HCSD, acted to create a hostile work environment for Plaintiff, all without any due process, for engaging in protected activities as aforesaid. The Board Defendants, Kampa, and HCSD thereby violated whistleblower protections as public policy found in Labor Code sections 98.6, 1019, and 1102.5; Health and Safety Code 6310, 6400).

### Count VI - Gifts of Public Funds as to HCBC

90. Defendants Hornbrook Community Church, Inc., and Steven Crittenden, wrongfully, illegally, corruptly, and improperly conspired with, influenced, and engaged in corrupt activity with the Board Defendants, Bowles, Kampa, and Dingman in order to illegally receive gifts of public funds[57], while this activity was deliberately concealed from Plaintiff, and the public, in violation of the Brown Act, and other applicable laws. Plaintiff seeks relief as provided via California Code of Civil Procedure Sections 526a, 1021.5, and 1084.

### Count VIII - Gifts of Public Funds - Board Defendants; False Claims & Fraud as to Dingman

91. Defendant Clint Dingman wrongfully, improperly, and illegally colluded with, influenced, agreed to, and engaged in corrupt activity with, the Board Defendants and Bowles to submit false "timesheets", and receive wrongful payments, for work he did not do, and/or for work he was not authorized to do by the General Manager or the Board.

92. Such excess pay is a false claim, and a gift of public funds to Dingman. Plaintiff invokes herein Code of Civil Procedure Sections 526a, 1021.5, and 1084, as well as Government Code sections 12650, et seq and the triple damages provisions therein.

### Count IX - Gifts of Public Funds as to Ernest Goff and Julie Bowles

93. Defendants Julie Bowles and Ernest Goff, both independent contractors to the HCSD, improperly, wrongfully, and illegally conspired with, influenced, and engaged in corrupt activity with the Board Defendants and Defendant Winston, in order to falsely claim payment(s)

---

[57] Cal. Const. Art. XVI, Section 6; Cal. Govt. Code section 8314.

Complaint - 27

for services they did not actually render, and to receive gifts of public funds, in the form of indemnification, fees, and other benefits neither was entitled to by contract, and Govt. Code 995.

### Count X - Gifts of Public Funds as to John Does

94. The improper billing, waiver of fees and charges, improper changes to classifications, failure to read meters, and other mechanisms whereby the Board Defendants and HCSD, along with Defendants Bowles, and Dingman, failed to collect all due charges, fees, penalties, and other monies due the HCSD for the February 15, 2017 through the current date, were improper gifts of public funds. The John Does who had their water rates, fees and/or charges payable to the HCSD reduced and/or waived, property not liened when due, or who otherwise wrongfully benefited from any action of the HCSD, Board Defendants, and/or Bowles are in violation of Cal. Const. Art. XVI, Section 6, and Govt Code section 8314.

### Count XI - Violation of Article 1, section 2, of the California Constitution

95. *Laguna Publishing Co. v. Golden Rain Foundation* (1982) 131 Cal.App.3d 816, allows a tort action for damages for violation of the free expression clause of Article I, Section 2, of the California Constitution. The California Constitution gives "[e]very person" an affirmative right to free speech (Cal. Const., art. I, § 2, subd. (a)). In acting as aforesaid to violate State law and the HCSD Bylaws, and to commit wrongs against Plaintiff, the Board Defendants, Winston, Bowles, and Dingman acted to violate his right to free expression under that section.

### Count XII - Unfair Business Practices as to Julie Bowles and Board Defendants

96. Plaintiff alleges that the individual Board Defendants, and Defendant Bowles, in performing the acts complained of herein, as employees and/or agents of the HCSD, in violating, and conspiring to violate, the various Constitutional provisions, Acts, laws, statutes, regulations, codes, and/or the HCSD Bylaws as set forth herein, have also thus conspired to, aided and abetted each other, and actually did, violate California's unfair business practices legislation, found at California Business and Professions Code 17200, et seq.

### Count XIII - Unfair Business Practices as to Dixon, Goff, and Board Defendants

97. Plaintiff alleges that the individual Board Defendants, Dixon, and Goff, in performing the acts as complained of herein, including the false representation of Goff and Dixon as "independent contractors" for a properly-classified employee position, and operating without any license or permit to do so within the County of Siskiyou, as employees and/or agents of the HCSD, in violating, and conspiring to violate, the various Constitutional provisions, Acts, laws, statutes, regulations, codes, and/or the HCSD Bylaws as set forth herein, have also thus

conspired to, aided and abetted each other, and actually did, violate California's unfair business practices legislation, Business and Professions Code 17200, et seq.

### Count XIV - False Claims as to Robert Winston

98. Plaintiff incorporating herein the information contained in Count XV above, alleges that Winston thus acted to violate California's False Claims Act legislation, found at California Government Code sections 12650, et seq.

### Count XV- Negligence

99. The Board Defendants, Bowles, Dingman, and Defendant Winston owed a duty to Plaintiff to reasonably conform their conduct to the laws of the United States, of California, and the Bylaws, but in acting wrongfully as complained of herein, and against Plaintiff, breached that duty in violating the various Constitutional provisions, Acts, laws, statutes, regulations, codes, California Rules of Professional Conduct, and/or the HCSD Bylaws as set forth herein.

### Count XVI - Unfair Business Practices as to HCBC

100. Defendants Crittenden, Hornbrook Community Bible Church, and the Board Defendants, by corruptly colluding to grant gift(s) of public funds to the HCBC as wrongfully waived and/or reduced water fees, thus violated California's unfair business practices laws.

### Count XVII - Civil Conspiracy for Deprivation of Rights

101. The Board Defendants, Winston, Dingman, Goff, and Bowles, acted in concert, and by agreement amongst themselves, to: recklessly, wantonly, and/or willfully violate the HCSD Bylaws and Federal and State laws as aforesaid; harass, oppress, coerce, intimidate, annoy Plaintiff, and to impair, impede, and violate her constitutional and statutory rights (and especially due process) as set forth herein; and, to retaliate against her for exercise of her rights.

### Count XVIII – Willful and/or Negligent Infliction of Emotional Distress
### (Board Defendants, Winston, Bowles, Dingman, and Kampa)

102. The Board Defendants, Winston, Bowles, Kampa, and Dingman, in acting as set forth herein as to any of them, or identified group of them, did so while disregarding foreseeable risk to Plaintiff, and acted negligently, recklessly, wantonly, and/or willfully to vex, harass, oppress, and annoy, Plaintiff, and/or to subject him to lasting fear, anger, upset, anxiety, humiliation, outrage, financial loss, and extreme ongoing emotional and mental pain and distress.

### Count XIX Violations of the CPRA By HCSD, Board Defendants, and Kampa

103. During the period of February 15, 2017 through the present date, the HCSD. Board Defendants, and Kampa agreed, and acted, to wilfully fail and refuse to comply with the California Public Records Act by not responding to record requests from Plaintiff and the public as provided by law, by concealing and destroying responsive public records, and by failing to allow access to public records kept at the offices and facilities of the HCSD during normal business hours as required by law.

## Count XX Nuisance

104. Each and all of the Board Defendants, Dingman, Goff, Dixon, and Kampa acted negligently, recklessly, wantonly, and/or willfully to violate the Safe Drinking Water Act, the California Health and Safety Code, and the HCSD Bylaws in their operation of the HCSD water production, treatment, and/or distribution facilities, and thereby created annoying and/or unsafe conditions relating to the proper and lawful operation of water facilities, and distribution of water to the public and to Plaintiff.

## Count XXI Violation(s) of the Covenant of Good Faith and Fair Dealing

105. Plaintiff alleges that in engaging in the wrongful conduct set forth in this complaint, particularly in regards to access and inclusion in the contracting and job application processes of the HCSD pursuant to the Uniform Construction Costs Accounting Act and otherwise, the Board Defendants, Kampa, and thus the HCSD, acted dishonestly, and in bad faith.

## Count XXII Purported Official Acts of the Board Defendants Are Void

106. The acts of the Board Defendants in purporting to act as the HCSD, as set forth herein, occurring at each of the improper and/or unlawful meetings described, or later to be found to have occurred, are null and void due to being *ultra vires*, due to criminality[58]; due to being taken in violation of constitutional and statutory rights of the Public and Plaintiff; due to being a nuisance *per se*[59]; due to Brown Act violations[60]; due to violating mandated procedures of the HCSD as expressed in the April 18, 2014 Bylaws and related Resolutions; due to having been falsely certified; and/or due to having been undertaken while a conflict of interest existed regarding the issue or action undertaken.

## Count XXIII Improperly Unbilled Fees and Charges - Gifts/Waste of Public Funds

107. The Board Defendants, with the assistance, aiding and abetting, and ratification of

---

[58] See Govt. Code Sections 54959, 61064(a), 91003(b); Civil Code Section 3369.
[59] E.g., operation of the water plant in violation of the CWA, the SDWA, and Health and Safety Code.
[60] See Govt Code Sections 54953(a) and (c); 54960.1(d).

Complaint - 30

Kampa, Dingman and Bowles, have conspired and acted at all times material to: improperly bill, fail to bill, falsely bill, fail to impose, improperly waived or reduced, and failed to collect, all due and payable fees for service and other charges as set forth in the HCSD Bylaws and Resolutions from residential, commercial, and governmental accounts of the HCSD; and so caused injury to the funds and property of the HCSD. Relief is requested pursuant to the provisions of California Code of Civil Procedure, Section 526a.

### Count XXIV  Gifts of Public Funds;  Board Defendants, Martin, Bowles, and Soares

108.  The Board Defendants, with the assistance, aiding and abetting, and ratification of Defendants Bowles, Kampa, and Dingman, and have wrongfully acted from the period February 2017 through the current date, to improperly bill, fail to bill, falsely bill, fail to impose, fail to collect, and have improperly waived and reduced previously-, and lawfully-imposed commercial rates and charges for water service and other charges relating to Defendants Martin and Soares.

### Count XXV  Waste of Public Funds by the Board Defendants and/or the HCSD

109.  Plaintiff alleges that each act of wrongful, illegal, improper, or unethical conduct by the Board Defendants, and/or the HCSD as set forth herein, as well as any and all such conduct in violation of the HCSD Bylaws, additionally constituted a waste, and illegal expenditure of, taxpayer funds pursuant to the provisions of California Code of Civil Procedure 526a.

### Count XXVI Exemplary Damages (Punitive Damages)

110.  The conduct of each Defendant, or specified group of Defendants as set forth herein, was willful, malicious, with intent to: vex, annoy, oppress, coerce, and cause harm to Plaintiff; to interfere with and/or impede exercise of statutory and/or constitutional rights by Plaintiff, or undertaken with willful or wanton indifference to the harm that may have befallen to Plaintiff. Plaintiff has been harmed by each act of Defendants, all as alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff now prays for judgment against the Defendants, and:

1. A declaration that all acts by the Board Defendants at each non-public and/or improperly noticed and/or conducted meeting, and any purportedly official actions taken outside of public meets by and of the Board Defendants (individually, or as a group) were *ultra vires* and void, as well as in violation of the HCSD Bylaws,

2. For general, special, and economic, damages of $450,000; exemplary and punitive damages in the sum of $300,000; and, reasonable attorney fees, costs and disbursements herein;

Complaint - 31

3. Disgorgement by Defendant Winston of all fees collected in violation of Rule 3-600(E) or any other Rule or law of the United States and/or the State of California;

4. Disgorgement of all gifts of public funds by the HCSD and/or the Board Defendants (or any of their agents) to Julie Bowles, Clint Dingman, Ernest Goff, Kevin Dixon, Peter Kampa, Hornbrook Community Bible Church, Steve Crittenden, Duke Martin, James Soares, and any other entity, independent contractor, agency, water customer, or individual receiving such, including, but not limited to, those who had water charges and/or fees of any sort improperly or illegally uncharged (by any mechanism, including failure to read the meters), reduced, or waived in violation of the HCSD Bylaws;

7. Restitution by the Board Defendants as provided by HCSD Bylaws Section A-9(26);

8. An Order commanding the HCSD, Clint Dingman, Ernest Goff, Kevin Dixon, (and/or their successors) to immediately repair, and bring all water facilities of the HCSD into compliance with the CWA and SDWA, and to operate the water plant, and surface water facilities at all times, and in conformance with all laws;

9. For such other and further relief as the court may deem proper.

Respectfully submitted this ____7th____ day of November, 2017

_____
Roger Gifford, Plaintiff Pro Se

Complaint - 32