Roger Gifford, Pro Se
15226 Hornbrook Rd.
Hornbrook, CA 96044
530-340-1395

**FILED**

MAR 22 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

Roger Gifford,  )  Case No: 2:17-cv-02421-TLN-DMC
  )
  Plaintiff,  )  OBJECTIONS TO FINDINGS AND
vs.  )  RECOMMENDATIONS OF MAGISTRATE
  )  JUDGE (ECF #99)
Peter Kampa, et al,  )
  )
  Defendants,  )
  )
  )
  )

Plaintiff Roger Gifford does hereby submit his objections to the Findings and Recommendations of Magistrate Judge Dennis M. Cota, issued in this matter on August 30, 2022 as ECF #99 ("F&Rs") concerning Plaintiff's Second Amended Complaint ("SAC"), ECF #85.

### 1. THE MAGISTRATE INCORRECTLY REQUIRES EXCESSIVE "DETAIL" IN PLEADINGS (F&Rs, pp.10:9-10, 11, 12:1-15[1], 21-22, etc).

Pursuant to Rule 8, a complaint need only contain short and plain statements revealing the basis for the claims against a defendant. Thus, the Federal Rules embody "notice pleading" and require only a concise statement <u>of the claim</u>, rather than a plethora of detailed evidentiary facts. Obversely, Rule 8 specifies only the minimum pleading that is required - it is not a "cap" on what may be incorporated into a complaint[2], and it is unfair to dismiss a Pro Se party's complaint <u>when it states at least some viable claims</u> - particularly *in toto,* rather than surgically dismissing any non-viable claims or allegations to leave the remainder for the parties to proceed

---

[1] Plaintiff notes that the "other defendants" besides Slote are all clearly identified at the beginning of the complaint, as are the duties (and much of the legal sources thereof) of the government officer/agent defendants. *Pozar v. Department of Transportation* (1983) 145 Cal.App.3d 269, 271 (public entity has a ministerial duty to comply with rules and regulations.) See also <u>Government Code</u> section 815.6, "Government Liability for Failure to Perform Mandatory Duty".
[2] See *Hearns v. San Bernardino*, 530 F.3d 1124 (9th Cir. 2008)

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 1

upon[3]. Obversely the Magistrate seems to be complaining that at the same time, Plaintiff has not made his Complaint "short" enough. If that was the problem, the Plaintiff respectfully points out that any limitations on actual number of pages, etc the Court wished to impose could have been stated plainly in the previous findings, and Plaintiff would have complied therewith.

A Rule 12(b)(6) motion can only test legal issues and not matters of fact. See, *Schwarzer, et al* 159 F.3d 470, 477 (9th Cir. 1998); Fed. R. Civ. P. 12(b); California Practice Guide: Federal Civil Procedure Before Trial, P 9:211. It is the duty of the Court to seek "substantial justice" between the parties as well. (Fed.R.Civ.P. 8(f); *Taylor v. Uniden Corp. of America*, 622 F.Supp. 1011, 1013 (E.D. Mo. 1985). For these reasons, excessive details are not required in complaints before the Court, and instead, details are expected to be developed by use of the Federal Courts' liberal discovery rules, pleadings do not require any specific form (FRCivP 8(d)(1)), and the complaint must be read as a whole.[4]

## 2. THE MAGISTRATE INCORRECTLY STATES PLAINTIFF FAILED TO ALLEGE "NO REASONABLE PUBLIC PURPOSE" (F&Rs, pp.

The Magistrate (despite actually quoting such language in the SAC at F&Rs p. 13) repeatedly states that Plaintiff failed to include in the SAC the necessary element of an allegation some claims that no reasonable or legitimate public purpose was served by Defendants' alleged: diversion of certain public funds; waste of public funds; and/or, the initiation of certain actions

---

[3] "[It is an abuse of discretion to dismiss an entire complaint if it contains some claims that satisfy Rule 8. See *Frazier v. Se. Pa. Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986), abrogated on other grounds by *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (reversing the dismissal of the entire complaint as "broad and conclusory" where the complaint set forth four claims with adequate specificity). Perhaps most importantly here, we recognize that Garrett was proceeding without the assistance of counsel at the time he filed the FAC. 'Pleadings must be construed so as to do justice.' Fed. R. Civ. P. 8(e). This already liberal standard is "even more pronounced" where a plaintiff files the complaint without the assistance of counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)" (*Garrett v. Wexford Health*, 938 F.3d 69, 91-92 (3d Cir. 2019).)

[4] Wright and Miller, 5 Fed. Practice and Procedure, 657. The liberal construction rule requires that a judge give effect to the substance, rather than the form or terminology, of a self-represented litigant's papers. This means a judge should look beyond the label that a self-represented litigant attaches to a pleading and re-characterize it to correspond to the substance and underlying legal basis of the claim. (*Castro v. United States*, 540 U.S. 375, 382 (2003.) The same view must be taken of plaintiff's proof: "In cases such as this, plaintiff should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each.'" *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699, (1962). And yet, it seems from looking at the F&Rs as if the Magistrate has no short-term memory at all when it comes to remembering facts pled in the SAC, as he fails to apply them to claims made throughout the complaint.

that facially violated various laws and/or Bylaws of the HCSD, and so constitute a waste of public funds as a matter of law[5].

This is simply not so. Plaintiff <u>specifically stated</u> in several places in the complaint that the wrongful (and often plainly illegal) actions by the Defendants in these regards was contrary to, or absent of, any legitimate and/or rational/beneficial public purpose. See SAC, pages 11:21, 14 at ¶31, 15 at ¶33-¶34, 18:14-17, 19 at ¶46-¶47, 31 at ¶82, 34 at ¶87-¶88, 38 at ¶100, etc.

### 3. SUFFICIENCY OF CONSPIRACY ALLEGATIONS AND UNDERLYING TORTS.

The Magistrate repeatedly (and unfairly) states that Plaintiff has failed to plead details of the conspiracies, and wrongs involving them, concerning particular Defendants, and has otherwise failed to meet pleading standards, but this is simply not true. Additionally, even if Plaintiff has failed in some particular as to any specific conspiracy, and/or as to a particular Defendant, that does not merit dismissal of the underlying wrong(s) Plaintiff has also alleged in the SAC.

"As long as two or more persons agree to perform a wrongful act, the law places civil liability for the resulting damages on all of them, regardless of whether they actually commit the tort themselves. 'The effect of charging . . . conspiratorial conduct is to implicate all . . . who agree to the plan to commit the wrong as well as those who actually carry it out.' " (*Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 784, internal citations omitted.)

In the context of conspiracy claims brought pursuant to section 1983, a plaintiff must merely "allege [some] facts to support the existence of a conspiracy among the defendants." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). A claim of conspiracy only requires a plaintiff to "demonstrate the existence of an agreement or 'meeting of the minds' to violate constitutional rights" (*Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) [citations omitted]), coupled with a showing of <u>any</u> "actual deprivation of constitutional rights." *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). Here, Plaintiff has spoken directly to the issues of: his exclusion from bidding on public works projects (violations of the UAACC and

---

[5] Section 526a "authorizes actions by a resident taxpayer against officers of a county, town, city, or city and county to obtain an injunction restraining and preventing the illegal expenditure of public funds." (*Blair v. Pitchess* (1971) 5 Cal.3d 258, 267.) Section 526a "is properly used where 'some illegal expenditure or injury to the public fisc is occurring or will occur.' " (Humane Society of the United States v. State Bd. of Equalization (2007) 152 Cal.App.4th 349, 361.)

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 3

PCC)[6]; being denied indemnification for his medical expenses while a Director of the HCSD; and, being denied opportunity to hook properties up to the HCSD's water mains - all while other persons (who never filed complaints or lawsuits about the HCSD and its employees) were allowed to do those things.

"Furthermore, the requisite concurrence and knowledge 'may be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances.' Tacit consent as well as express approval will suffice to hold a person liable as a coconspirator." (*Wyatt, supra,* 24 Cal.3d at p. 785, internal citations omitted.) `"It is a legal commonplace that the existence of a conspiracy may be inferred from circumstances, and that the conspiracy need not be the result of an express agreement but may rest upon tacit assent and acquiescence." (*Holder v. Home Savings & Loan Assn. of Los Angeles* (1968) 267 Cal.App.2d 91, 108, internal citations omitted.)

Here, often **in the very material quoted by the Magistrate**, Plaintiff has met those requirements, and also pled <u>specific facts</u> concerning actions taken, goals achieved, and cites to the specific laws broken by the pertinent Defendants to do so.  Plaintiff clearly also has a right to rely on the duty of his public officials to follow the law as an element of those claims - which ministerial duty extends even to their own Bylaws and Rules[7], and which duty is alleged throughout the SAC, and near the beginning even has its own paragraph.  See, i.e., SAC at paragraphs 46-49.

"A civil rights conspiracy as commonly defined is `a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties `to inflict a wrong against or injury upon another,' and `an overt act that results in damages.'" *Earle v. Benoit,* 850 F.2d 836, 844 (1st Cir. 1988). The general elements that comprise an action for conspiracy that must be alleged in the complaint include "(1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Wasco Products, Inc. v. Southwall Technologies, Inc.,* 435 F.3d 989, 992 (9th Cir. 2006) (citing

---

[6] Public Contracts Code; Uniform Construction Costs Accounting Act. See, i.e., SAC, pp.5, 36-39.
[7] "A duty is ministerial when it is the doing of a thing unqualifiedly required. [Citation.]" (*Redwood Coast Watersheds Alliance v. State Bd. of Forestry & Fire Protection* (1999) 70 Cal.App.4th 962, 970.) A public entity has a ministerial duty to comply with its own rules and regulations where they are valid and unambiguous. (*Pozar v. Department of Transportation* (1983) 145 Cal.App.3d 269, 271.)  Also, Plaintiff has been granted "vested rights" by the enactment of the statutes, and the HCSD Bylaws - which rights may not be denied absent due process.

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 4

*Cellular Plus, Inc. v. Superior Court*, 14 Cal.App.4th 1224 (1993)) Plaintiff's pleadings clearly meet these requirements, and even include additional allegations of fact and detail that are not required by Rule 8, so it is error to dismiss his claims.

Moreover, where a private party conspires with state officials to deprive others of constitutional rights, the private party is acting under color of state law. See *Tower v. Glover*, 467 U.S. 914, 920 (1984); *Dennis v. Sparks*, 449 U.S. 24, 27 – 28 (1980); *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 20 10); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy." United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540– 41 (9th Cir. 1989) (en banc) (citations and internal quotation marks omitted); see also *Crowe,* 608 F.3 d at 440; *Franklin,* 312 F.3d at 441; *Mendocino Envt'l Ctr. v. Mendocino Cty., supra,* at pages 1301– 02.

In this instance, for example, the persons Plaintiff has (without benefit of any discovery) discovered so far as benefiting from the illegal distribution of fee waivers and "unlawfully" reduced water service charges and the like, are Defendants Crittenden, HCBC, and Soares. (notably, those Defendants have also defaulted in this action) Those persons, and the HCSD - along with its Officers as specified in the SAC, clearly shared the unlawful goal of granting unlawful fee waivers and reductions by way of secret meetings and clandestine approvals outside of the voter control provisions of the Bylaws. That conduct is <u>also</u> pled as depriving Plaintiff and the other electors of the HCSD any (due process) opportunity to be present at what should have been public meetings about these gifts of public funds, along with their right to petition the Board to reject such reductions and waivers - and to vote on the gifts as provided in the Bylaws[8].

See *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, (1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957); "[Under] the liberal system of notice pleading set up by the Federal Rules[,] Rule 8(a)(2) ... do[es] not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of

---

[8] Since the Bylaws granted the "substantial right" to vote to Plaintiff and the other electors, they also had a due process right to notice and opportunity to be heard as to any attempt by the HCSD officers to circumvent or nullify those rights. Plaintiff also pled no public purpose was served by any of the gifts, nor by the method of those gifts of waived/reduced fees - nor by denying him the right to vote as provided in the Bylaws. It is beyond cavil that "voting is of the most fundamental significance under our constitutional structure." *Illinois Bd. of Elections v. Socialist Workers Party,* 440 U. S. 173, 184 (1979).

what the plaintiff's claim is and the grounds upon which it rests." This is particularly true about things within the peculiar knowledge of the Defendants, and/or that they may be concealing - such as the details that the Magistrate decries as being absent from the operative complaint.

4. THE MAGISTRATE INCORRECTLY CLAIMS THAT PLAINTIFF FAILED TO STATE "WHICH DEFENDANT DID WHAT", AND THAT PLAINTIFF WAS ADVISED IN THE PRIOR F&Rs (ECF #71) THAT HIS PREVIOUS COMPLAINT DID NOT MEET THE REQUIREMENTS OF RULE 8 AND SO WAS SUBJECT TO DISMISSAL

At pages 24-25, the F&Rs state:

"Plaintiff's complaint here is bereft of specific factual allegations explaining who did what, when, how, and why. Nor does the complaint here link any specific facts to specific defendants and the specific elements of the legal theories asserted. Even allowing a wide range of latitude because Plaintiff is proceeding pro se, the Court simply cannot find that Plaintiff's complaint complies with Rule 8 such that Defendants have received fair notice sufficient to answer.

Plaintiff's failure to comply with Rule 8 alone justifies dismissal of her [sic] complaint. See Schmidt v. Hermann, 614 F.2d 1221, 1223 (9th Cir. 1980) (upholding the dismissal of a complaint where it was "impossible to designate the cause of action or causes of action attempted to be alleged in the complaint."); In re Sagent Tech., Inc., 278 F.Supp.2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."); see also McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly pleaded claim, which could be "read in seconds and answered in minutes").

The Court has previously advised Plaintiff of the defects in his pleading and provided Plaintiff an opportunity to amend. As outlined in detail above, Plaintiff's allegations have not materially changed in such a way as would provide the defendants faire notice. In short, the Rule 8 violation persists."

However, this simply is not true. The previous F&Rs, issued on March 25, 2022 as ECF #71, <u>do not contain **any** analysis</u> of Plaintiff's complaint under Rule 8[9], nor any explanations notifying him that his complaint was subject to dismissal for any failure to follow it - so the "violation" of the rule could not "persist". By the same token, the Magistrate did <u>not</u> provide any information whatsoever on how to "cure" the "Rule 8" deficiencies the Magistrate now claims exist[10]. Instead, <u>the Magistrate specified that details were lacking in the complaint</u>, to which

---

[9] In fact, Rule 8 is mentioned exactly **one time** in ECF #71; at page 12:21-24. Dismissal on this basis is completely unfair given the actual comparison of what is alleged in the F&Rs, and the content of the prior findings. Plaintiff is perfectly willing to amend his complaint to comply with the new instructions.
[10] "Before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend

Plaintiff responded by adding several more of them to the complaint, and more clearly labeling and setting forth specific claims - thus increasing its length. See, i.e., ECF #71, pp.21:9-13, 24:17-19, 26:1-8, c.f., SAC (ECF #85), pp.1-7, 9-10, 13:10-14:3, 19:14-19, 34-40, etc.

Rather than "beat around the bush", if the Magistrate is simply implying that the complaint is too long, and that it needs to be shortened or it will be dismissed because it isn't "short and plain" enough - then he should just come right out and say so in order not to mislead an untrained Pro Se litigant as to what is expected of him. The complaint certainly shouldn't be dismissed with prejudice on such a thin reed, and Plaintiff should at least get a chance to amend to cure the *newly-raised* "Rule 8" problems identified (rather vaguely) by the Magistrate.

### 4. SOME ALLEGATIONS/CAUSES OF ACTION ARE ADEQUATELY STATED, AND THE F&RS DO NOT STATE OTHERWISE - THOSE CLAIMS SHOULD PROCEED.

The Magistrate identifies claims that contain viable causes of action in the F&Rs which he does not state any reasons to have dismissed, and those claims should be permitted to proceed. (i.e., F&Rs, at page 9). In other places, the F&Rs seem to simply skip over portions of the SAC relating to valid causes of action regarding Plaintiff's "class of one" claims of being treated differently than other Directors/contractors/water customers without any rational governmental basis for the state actors to do so. See, i.e., SAC at pages 4-7, 10, etc. Without rational analysis of the claims, and/or any purported deficiencies, there seems to be no basis to dismiss them.

### CONCLUSION - PALINTIFF SHOULD BE GIVEN LEAVE TO AMEND

Plaintiff's SAC contains several viable causes of action. Despite getting a bit longer by his compliance with the Magistrate's prior recommendations stating that more pleading of detailed facts was necessary, it is unfair to now turn that instruction on its head and penalize Plaintiff for complying with the Magistrate's prior order - while *also* incorrectly claiming that the Magistrate previously instructed Plaintiff to comply with "Rule 8" by making his complaint shorter and more plain, when the truth is that **no** mention of Rule 8 has previously occurred, much less a fair discussion of the SAC in that context, so that Plaintiff can cure the newly-identified deficiencies.

DATED: 3/17/2023

Roger Gifford, Plaintiff Pro Se

---

effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)) (en banc). This has **not** been done here in the context of Rule 8.

Plaintiff's Objections to Findings and Recommendations of Magistrate Judge - 7

## PROOF OF SERVICE BY MAIL

## CERTIFICATION OF SERVICE BY MAIL

I, Roger Gifford, the undersigned Plaintiff in this matter, do hereby affirm that I served the foregoing documents by US Mail upon the appearing parties via their attorney at the address below, and on the date listed.

Ryan Matthews  
2020 W. El Camino Ave., Ste. 700  
Sacramento, CA 95833

March 17th, 2023

_____  
Roger Gifford, Plaintiff Pro Se